[Civ. No. 26364.　Second Dist., Div. Two.　Feb. 27, 1963.]
(Consolidated Cases.)

KEITH GARRICK, INC. et al., Plaintiffs and Respondents, v. LOCAL NO. 2 OF THE OPERATIVE PLASTERERS AND CEMENT MASONS INTERNATIONAL ASSOCIATION et al., Defendants and Appellants.

[Civ. No. 26365.　Second Dist., Div. Two.　Feb. 27, 1963.]

M. J. RUSSO, INC., Plaintiff and Respondent, v. LOCAL NO. 2 OF THE OPERATIVE PLASTERERS AND CEMENT MASONS INTERNATIONAL ASSOCIATION et al., Defendants and Appellants.

Lazarus, Brundage & Neyhart, Eugene Miller, Mantalica, Barclay & Teegarden and Lewis C. Teegarden for Defendants and Appellants.

Earl Klein for Plaintiffs and Respondents.

FOX, P. J.— These are companion declaratory relief actions in which plaintiffs seek (1) a declaration that certain provisions of a collective bargaining agreement in the plastering industry are invalid; (2) injunction to prevent the enforcement of such invalid provisions; and (3) damages. All plaintiffs later waived damages. The trial court found the challenged provisions of the agreement are invalid and enjoined their enforcement. After the cases had been placed on the calendar in this court for argument the seven unions and the individuals representing said unions dismissed their respective appeals.*

At the time for argument the court was advised that the agreement involved in these cases had expired, and that a new and different agreement had been executed. It therefore ap-

---

*This left The Contracting Plasterers Association of Southern California, Inc., and certain individuals representing either this association or the joint conference board that was set up by the collective bargaining agreement as the appellants.

In the interest of completeness it is appropriate to note that there was a third companion case (*Local No. 739 of the Operative Plasterers and Cement Masons International Association* v. *M. J. Russo, Inc.,* No. 26366) in which Local No. 739 sought confirmation of an award of $41,975 by the joint conference board against Russo for asserted violations of the agreement. The trial court vacated and set aside this award and denied the petition to confirm it. Local 739 filed notice of appeal from this judgment. Prior to argument, however, the union dismissed its appeal.

pears that these cases are now moot and that the appeals should be dismissed for that reason.

The appeal in each case is dismissed.

Ashburn, J., and Herndon, J., concurred.

A petition for a rehearing was denied March 27 , 1963.